Jay Cleveland appeals from the denial of his Rule 60 (b)(1), ARCP, motion to reinstate his action previously dismissed for want of prosecution. We reverse.
The record reflects that Cleveland's statement of the case is accurate. The following is the chronology of events in this case, including its dismissal: Cleveland filed his complaint on 6 January 1983. Grant Paris was at that time his attorney. Service was had on the defendant on 13 January 1983. Defendant filed a motion to dismiss on 26 January 1983 through his attorney, J.L. Klinefelter. At the same time, defendant filed interrogatories to plaintiff.
H. Darden Williams also filed an appearance on behalf of defendant on 10 February 1984.
Plaintiff answered defendant's interrogatories on 13 June 1984. In the meantime, Cleveland's then attorney, at a peremptory call of the docket on 2 April 1984, informed the court that he no longer represented Cleveland. Two days later the action was dismissed for want of prosecution. Cleveland's new counsel, the attorneys on this appeal, prepared and mailed an amended complaint on 10 April 1984; it was docketed in the circuit clerk's office on 16 April 1984. Interrogatories to the defendant were filed at the same time. No response being had to the interrogatories upon the expiration of 30 days, Cleveland filed a motion to compel on 1 June 1984.
Prior to the motion to compel, defendant's attorneys, H. Darden Williams and J.L. Klinefelter, on 17 April 1984 and 29 May 1984, respectively, filed motions to dismiss the amended complaint for failure to state a claim.
On 24 April 1984 Grant A. Paris filed notice of withdrawal as Cleveland's attorney. On 25 June 1984, after having been informed that his action had been dismissed on 4 April 1984, Cleveland filed his motion to reinstate, from the order of denial of which he perfected this appeal.
From this chronology of events it may be readily discerned that all parties considered this case alive and well long after the order was entered dismissing it. We today hold that the trial court abused its discretion in dismissing this action and the ends of justice require its reinstatement. All parties to this action having proceeded as though it had not been dismissed, we cannot see any prejudice resulting to defendant from its reinstatement. As stated by the Fifth Circuit, the (trial court's) discretion "must be exercised in light of the balance that is struck by Rule 60 (b) between the desideratum of finality and the demands of justice." Seven Elves, Inc. v.Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).
We approve, in general, the observations made in Schwab v.Bullocks, Inc., 508 F.2d 353 (9th Cir. 1974): Rule 60 (b) is remedial in nature and must be liberally applied by the court; defaults and dismissals are generally disfavored and cases should be decided on the merits; where timely relief is sought and the movant has a meritorious claim, any doubt should be resolved in favor of setting aside the dismissal.
The judgment of dismissal is due to be set aside and this cause reinstated.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 82