THIGPEN, Judge.
This case began as a workmen’s compensation case. On August 29, 1985, Daubert Coated Products, Inc. (Daubert), appellant herein, filed an action seeking to terminate its rights and liabilities in accordance with Ala.Code 1975, § 25-5-88. Marvin Twilley answered and counterclaimed for workmen’s compensation benefits for permanent total disability and for wrongful termination. Subsequently, the action was pruned by various pleadings including motions for dismissal and for summary judgment, and the case was tried before a jury on the counterclaim issue of wrongful termination. This resulted in a realignment of Twilley as the plaintiff and Daubert as the defendant. After the verdict was returned in favor of Twilley, a judgment notwithstanding the verdict was granted for Daubert based upon inconsistencies in the findings of the jury. That judgment was reversed by the Supreme Court and remanded for new trial. See Twilley v. Daubert Coated Products, Inc., 536 So.2d 1364 (Ala.1988). Nothing prior to that order is germane to this appeal; however, it is provided here merely as historical perspective of the route this case has taken.
The case was set for trial the week of October 2, 1989, and an entry in the case action summary sheet dated October 5, 1989, is as follows, viz: “Counsel for neither party appearing at the call of the Docket on 9/29/89, this case is dismissed with prejudice for want of prosecution. Costs taxed to Plaintiff.”
The attorneys for the parties, obviously unaware of the dismissal, continued discovery until sometime during June of 1990 when the dismissal order was discovered. Twilley’s attorney then filed motions to reinstate the case and for relief from the dismissal pursuant to Rule 60, A.R.Civ.P. On June 21, 1990, the dismissal order was vacated and set aside, and the case restored to the trial docket. The case was set for trial, but ultimately, the trial court entered an order stating that it had been informed by Daubert’s counsel of the settlement of the case. Thereafter, the record reflects that the trial court was informed by Twilley’s counsel that there were problems with the settlement. After consultation with all counsel, the trial court convened a hearing on February 6, 1991, in chambers, which was attended by counsel for both parties. The trial court then entered an order where it made findings of fact that there had been a valid offer and acceptance on February 1, 1991, to settle the case for $7,000, and entered an order in favor of Twilley.
Daubert raises two issues on appeal, namely, 1) whether the trial court had authority to set aside the prior dismissal of the action some seven and a half months later, and 2) whether there was a valid settlement agreement between the parties.
The first issue arises under Rule 60, A.R.Civ.P. Daubert asserts that the dismissal order was the result of a mistake, or clerical error, or excusable neglect, which should have been raised within four months under Rule 60(b)(1), A.R.Civ.P., which he failed to do. Rule 60(b)(6), based upon “any other reason justifying relief from the operation of the judgment”, is subject only to a three-year limitation period. The first issue then, whether the trial court could reinstate the case seven months after its dismissal, can be resolved by determining if the relief from judgment may properly be characterized as a Rule 60(b)(6) motion.
Although Twilley’s motion for relief from the dismissal order cites no particular section of Rule 60, A.R.Civ.P., the trial court could only have considered the mo *735 tion pursuant to subsection 60(b)(6), A.R.Civ.P., on the principles of equity with a view toward accomplishing justice. As stated in Ex parte Hartford, Ins. Co., 394 So.2d 933, 935 (Ala.1981), “It is clear that under the new Rules of Civil Procedure, nomenclature of a motion is not controlling.” Nonetheless, relief under Rule 60(b)(6), A.R.Civ.P., is an extraordinary remedy, permitted only in exceptional circumstances when a party can show sufficient equitable grounds for relief. Reese v. Robinson, 523 So.2d 398 (Ala.1988); Textron Inc. v. Whitfield, 380 So.2d 259 (Ala.1979). The record would indicate that these are such circumstances.
There is no record of evidence in this case, and the record contains only various pleadings and the case action summary. The record contains no court reporter’s transcript, nor an evidentiary statement pursuant to Rule 10, A.R.App.P. There is no evidence that the parties were notified of the call docket or of the order dismissing the cause. In fact, the sequence of events following the dismissal reflects that the attorneys for both parties continued discovery, and the trial court signed an order compelling discovery. Thus, our inquiry whether the trial court granted Twilley’s Rule 60(b)(6) motion based upon “any other reason justifying relief from the operation of the judgment” is proper.
In a very similar case, Blackwell v. Adams, 467 So.2d 680 (Ala.1985), our Supreme Court allowed the use of a Rule 60(b)(6) motion where it stated:
“The only reasonable explanation for the entry of the judgment in this case is a misunderstanding between the litigants, the lawyers, and the trial judge. ... The courts of this state simply cannot be without power to remedy a wrong of this magnitude.”
Id. at 683.
Our review is limited to whether the trial court abused its discretion in ruling on the motion, and a strong presumption of correctness attaches to the judgment of the trial court. Smith v. Clark, 468 So.2d 138 (Ala.1985); Reese, supra.
“We will not disturb the decision of the trial court on a 60(b) motion, however, unless we find one of the following: an absence of reasonable cause; that the rights of others subsequently arising would be adversely affected; or that the trial court’s decision is unjust. Textron, supra, at 260, citing Nunn v. Stone, 356 So.2d 1212 (Ala.Civ.App.1978).”
Reese, supra at 400. In the scant record before us, we find none of these exceptions. The record clearly reflects that both parties believed the case to have been continued from the October trial setting and all parties continued to prepare for trial. Indeed, the court entered a motion to compel discovery after the dismissal, although the order was entered by a different judge. Daubert made no objection to the trial court’s order to reinstate and continued to prepare for trial. Therefore, we find no abuse of the trial court’s discretion in granting the Rule 60(b)(6) motion to set aside its early dismissal.
Next we turn to the issue of whether a valid and enforceable settlement was reached. We have nothing to indicate that an evidentiary hearing was conducted by the trial court on the issue of settlement. The trial court’s “findings of fact” are the result of conversations in chambers with the various attorneys. There is no testimony on the record for the trial court to view, and no agreed statement pursuant to Rule 10(d), A.R.App.P. for appellate review. Accordingly, “we review the evidence presented in the record before us without any presumption of correctness, due to the trial judge’s having taken no oral testimony.” Phillips v. Knight, 559 So.2d 564, 567 (Ala.1990); See also Ingram v. Pollock, 557 So.2d 1199 (Ala.1989); Bownes v. Winston County, 481 So.2d 362 (Ala.1985); Ex parte British Steel Corp., 426 So.2d 409 (Ala.1982).
Both parties aptly assert that Rule 47, A.R.App.P. states that
“No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in *736 writing, and signed by the party to be bound thereby; provided, however, agreements made in open court or at pretrial conferences are binding, whether such agreements are oral or written.”
See Bowman v. Integrity Credit Corp., 507 So.2d 104 (Ala.Civ.App.1987). Twilley argues that even though there is no transcript, the attorneys were before the court, and the court on its own personal knowledge had the authority to make findings of fact and enforce the alleged settlement of the parties; however, “where there is no record of the alleged agreement in the reporter’s transcript, nor on the docket sheet, nor in the minute entry, the agreement does not fall within the rule.” Bowman, supra, at 106.
The trial court’s order of February 6, 1991, finding an agreement to have been entered on February 1, 1991, was appealed March 15, 1991. The final order was amended on March 29, 1991, after the case had been appealed. There is no docket sheet entry or minute entry nor a reporter’s transcript regarding the alleged agreement.
Based upon the foregoing, we find that the Rule 47, A.R.App.P. provisions have not been met, and the trial court’s judgment regarding the settlement agreement is due to be, and is hereby reversed, and the cause is remanded for restoration to the trial docket.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.