696 So.2d 1071 (1996)
Carolyn J. WATSON
v.
James G. WATSON.
James G. WATSON
v.
Carolyn J. WATSON.
2950688.
Court of Civil Appeals of Alabama.
December 6, 1996.
Rehearing Denied January 17, 1997.
Certiorari Dismissed May 7, 1997.
*1072 John W. Kelly III, Selma; and Donald M. McLeod, Camden, for Carolyn J. Watson.
Clifford W. Hardy, Jr., Bessemer; Stephen R. Arnold, and R. Marcus Givhan, Birmingham, for James G. Watson.
Alabama Supreme Court 1960782.
CRAWLEY, Judge.
Carolyn Watson (the "wife") and James Watson (the "husband") were divorced by a judgment entered on July 6, 1994 (the "original judgment"). In part, that original judgment required the husband to pay $225,000 as alimony in gross and $1,000 per month from August 1994 to December 1995 as periodic alimony. Dissatisfied with the provisions of the original judgment, the husband filed a motion to amend the judgment, pursuant *1073 to Rule 59(e), Ala. R. Civ. P., on August 5, 1994. The trial court held a hearing on October 27, 1994, and it took the matter under advisement. According to the case action summary sheet, the husband's motion was granted when an amended judgment of divorce (the "amended judgment") was filed on November 9, 1994. The amended judgment reduced the husband's alimony in gross obligation to $110,000 and his periodic alimony obligation to $700 per month (again from August 1994 to December 1995).
The wife petitioned for a writ of mandamus in March 1995, requesting that the amended judgment be set aside on the grounds that the trial court had lacked jurisdiction to enter its amended judgment because more than 90 days had elapsed since the filing of the husband's post-judgment motion. This court granted the petition and issued an order directing the trial court to set aside the amended judgment. (Docket no. 2940513, April 25, 1995, unpublished order.)
In August 1995, the husband filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., requesting relief from the original judgment of July 1994. In this motion, the husband alleged that the setting aside of the amended judgment had created a substantial hardship that resulted in his seeking the protection of the bankruptcy court. In his amended Rule 60(b) motion, filed in January 1996, the husband again referred to substantial hardship; however, the circumstance giving rise to this second hardship was an electrical fire at the plant at which the husband worked, which placed his continued employment in jeopardy. In fact, the husband was unemployed at the time of the hearing on his motions in February 1996. In addition to his Rule 60(b) motion, the husband filed a petition to modify periodic alimony and a petition to hold the wife in contempt for her alleged failure to return a rifle scope.
The trial court declined to hold the wife in contempt, and it failed to rule on the husband's petition to modify. After consideration, the trial court granted the husband's Rule 60(b) motion, finding expressly that it had jurisdiction to hear the motion, that the motion fell within the grounds for relief under Rule 60(b), and that the motion should be granted. This order vacated the trial court's previous orders, set alimony in gross at $150,000, and made no provision for periodic alimony.
The wife appeals the grant of the husband's Rule 60(b) motion, arguing that the trial court abused its discretion. The husband cross-appeals, arguing that the trial court erred when it failed to hold the wife in contempt for her alleged failure to return the rifle scope. We affirm in part, reverse in part, and remand.

CONTEMPT
The husband filed a motion to hold the wife in contempt for failing to return an $800 rifle scope. The scope had been mounted on a rifle belonging to the wife's daughter. Under the terms of the property settlement, the wife was awarded the rifle, which she took with her when she left the marital residence. However, at the hearing the wife testified that when she took possession of the rifle, the scope was not mounted on it. She also testified that she did not have the scope and that she did not know where the scope was.
After hearing the testimony presented, the trial court declined to hold the wife in contempt, stating on the record that "the Court finds that the [wife] is not in contempt. If she doesn't know where it is, she doesn't know where it is. She cannot return that which she does not have." The husband appeals from the trial court's failure to hold the wife in contempt.
"Whether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm."
Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App. 1994). The trial court heard the testimony of and observed the demeanor of the parties, and it chose to believe the wife's testimony that she did not have the rifle scope. When a trial court bases a decision on ore tenus evidence, this court will presume that the decision is correct. See Swann v. Swann, *1074 627 So.2d 429, 430 (Ala.Civ.App.1993). The husband has not argued, and we have not found a basis for finding, that the trial court abused its discretion or that its judgment is so unsupported by the evidence as to be plainly and palpably wrong. Accordingly, the trial court's judgment finding that the wife was not in contempt of court is affirmed.

RULE 60(b) MOTION
The husband also filed a Rule 60(b) motion for relief from the judgment, alleging that he had been forced to endure substantial hardship by virtue of the reinstatement of the original judgment because of this court's determination that the amended judgment was void. Rule 60(b) reads in part:
"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken."
Because the husband's motion was filed in August 1995, more than four months after the entry of the original judgment, the only reasons under Rule 60(b) available to the husband are reasons (4), (5), and (6). The husband raised reasons (5) and (6) in his motion.
Rule 60(b)(5) allows a trial court to grant relief from a judgment when "the judgment has been satisfied, released or discharged, [when] a prior judgment upon which [the judgment] is based has been reversed or otherwise vacated, or [when] it is no longer equitable that the judgment should have prospective application." Because the husband's motion does not state clearly which section of Rule 60(b)(5) he relies upon, we must consider whether he meets any one of the three sections. We determine that he does not.
Nowhere in his motion does the husband allege that the original judgment has been satisfied or discharged; neither does he indicate that the original judgment provided prospective relief that is now inequitable. If he is arguing that the vacation of the trial court's amended judgment mandates relief, the husband is mistaken in his interpretation of the Rule. The second section of Rule 60(b)(5) is intended to apply in a situation where the trial court bases a decision on case law in a related case that is reversed or vacated, thus rendering the trial court's decision incorrect; where the change in the law is not related to the parties and the case at hand, a trial court need not utilize Rule 60(b)(5). See Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993). Because the original judgment in the present case was not based upon any other judgment that was vacated or reversed, the second section of Rule 60(b)(5) does not apply. Therefore, the trial court could not, and did not appear to, base its decision to grant the husband's Rule 60(b) motion on reason (5).
However, the husband also based his motion on Rule 60(b)(6), which allows the trial court to grant relief from judgment for "any other reason justifying [that] relief." Relief under Rule 60(b)(6) is available only in cases involving extreme hardship or injustice. State ex rel. Fuller v. Fuller, 623 So.2d 332, 335 (Ala.Civ.App.1993); Chambers County Commissioners v. Walker, 459 So.2d 861, 866 (Ala.1984). Rule 60(b)(6) is not to be used to "reliev[e] a party from the free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interest." Walker, 459 So.2d at 866 (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2864 at 214-15 (1973)). Nor is Rule 60(b)(6) to be used as a substitute for appeal. City of *1075 Daphne v. Caffey, 410 So.2d 8, 10 (Ala.1981). In addition, "the categories for relief under Rule 60(b) are mutually exclusive, and grounds for relief under Rule 60(b)(1)[-(5)] cannot be valid grounds under Rule 60(b)(6), in the absence of aggravating circumstances to permit the trial court to say that the case is properly within 60(b)(6) ...." Walker, 459 So.2d at 865 (citing Giles v. Giles, 404 So.2d 649 (Ala.1981)).
In the present case, the husband argues that this court's order issuing the writ of mandamus, which was based on the wife's argument that the trial court's amended judgment was void because the trial judge had failed to rule on the post-judgment motion within 90 days as required by Rule 59.1, created a substantial hardship that resulted in his being forced into bankruptcy. However, what appears to have happened in this case would more appropriately be a basis for relief under Rule 60(b)(1). The husband's attorney failed to check on whether the trial court's order, which was dated within the 90 days, was filed with the circuit clerk within those 90 days.
Rule 58, Ala. R. Civ. P., explains the procedure for the rendition and entry of judgments. As that rule states, a trial judge can render a judgment by executing a separate written document. Rule 58(a)(2). However, the rendition of a judgment is not the act of significance that gives the judgment effect; the filing of that separate written judgment with the circuit clerk renders a judgment effective. Rule 58(c) Committee Comments. Because the trial court's amended judgment was filed later than 90 days after the filing of the husband's Rule 59(c) motion, the trial court's judgment was void. See Rule 59.1, Ala. R. Civ. P.; Carnes v. Carnes, 365 So.2d 981, 983 (Ala.Civ.App.1978), cert. denied, 365 So.2d 985 (Ala.1979).
The husband's attorney apparently checked only the date the judge signed the amended judgment and either failed to obtain a stamped, filed copy or overlooked the date the amended judgment was actually filed in the circuit clerk's office. The attorney's neglect resulted ultimately in the husband's failure to pursue an appeal from the original judgment. That failure to appeal cannot be remedied by use of a Rule 60(b)(6) motion. See Caffey, 410 So.2d at 10. Neither can the excusable neglect or inadvertence of the husband's attorney be a basis for relief under Rule 60(b)(6), at least not in the absence of aggravating circumstances. See Walker, 459 So.2d at 865.
The husband argues that this court's mandamus order, which directed the trial court to vacate its amended judgment, was an aggravating circumstance in this case. In addition, he argues that the destruction of his place of employment and his eventual unemployment should be considered. The trial court granted the husband's motion, apparently after determining that the circumstances surrounding this case were aggravating enough to elevate inadvertence or excusable neglect, which falls properly under Rule 60(b)(1), to a gravely unjust situation calling for the extraordinary remedy of Rule 60(b)(6). Although the trial court has broad discretion in its decisions regarding Rule 60(b) motions, that discretion is not boundless. Walker, 459 So.2d at 866. This court may reverse a trial court's decision on a Rule 60(b) motion if that decision appears to be without reasonable cause. Fuller, 623 So.2d at 334. Because we do not agree that the situation here presents sufficient aggravating circumstances to warrant the grant of the husband's motion, we hold that the trial court granted the motion without reasonable cause, thereby abusing its discretion, and we reverse the grant of the Rule 60(b)(6) motion.
The judgment of the trial court finding that the wife was not in contempt is affirmed, the judgment of the trial court granting the husband's petition for relief from judgment under Rule 60(b) is reversed, and the cause is remanded for proceedings consistent with this opinion.
Both the husband and the wife request an attorney fee on appeal. Those requests are denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
*1076 ROBERTSON, P.J., and YATES, J., concur in the result.
MONROE, J., dissents.
MONROE, Judge, dissenting.
I believe the trial court had reasonable cause to grant the husband's Rule 60(b)(6) motion; therefore, I must respectfully dissent.
At the hearing on the motion, the husband presented evidence that since the original divorce judgment had been entered, his health and financial situation have declined to the point where compliance with the original judgment would result in a substantial hardship for him.
The husband testified that he had to have quadruple bypass surgery that has left him in poor health; Hurricane Opal damaged timber on land he had been awarded in the divorce, and timber prices had fallen, so that the value of his assets were diminished; and the business where he worked and was a shareholder burned and there was not enough insurance for the business to rebuild, meaning he no longer had an income and his interest in the business was worthless. These incidents provided the trial court with reasonable cause to grant the husband's motion, and I believe the trial court did not abuse its discretion in granting the motion. Therefore, I would affirm the trial court as to this issue.
In the judgment entered after the Rule 60(b) motion was granted, the trial court did not address the issue of periodic alimony, nor did it rule on the husband's petition to modify periodic alimony. Periodic alimony was granted in the first divorce judgment. In addition, the extraordinary circumstances surrounding the husband's diminished income may mean that his lower income is only temporary. I recognize that whether to award periodic alimony is within the sound discretion of the trial court. But because of the unusual factual and procedural circumstances in this case, and because the issue of periodic alimony is forever waived if it is not preserved, Grice v. Grice, 673 So.2d 772 (Ala. Civ.App.1995), then out of an abundance of caution, I would remand this case only to ensure that the trial court has considered whether to reserve the issue of periodic alimony and did not simply overlook it in its second judgment.