Reversed and remanded.
The defendant appeals from an order denying a Rule 60(b), Ala. R. Civ. P., motion to set aside a default judgment.
The dispositive facts are as follows. On July 1, 1996, Thomas Howell, Hattie Howell, Maggie Ross, and Lillian Jenkins sued Robert Lee Robinson for damages based on personal injuries and property damage they had sustained in an automobile accident, which they alleged was caused by negligence on Robinson's part.
Immediately after he was personally served with the summons and the complaint, Robinson telephoned Richard Watters, the plaintiffs' attorney, and told Watters that it was Robinson's brother who had been driving the automobile involved in the accident. *Page 284 
Robinson told Watters theft Robinson's brother had stolen Robinson's driver's license and had it with him at the time of the accident. He also told Watters that "the state troopers" had conducted a hearing and had determined that Robinson had not been a party to the accident.
Robinson, believing that this telephone call had resolved the matter, took no further action. He filed no answer and made no appearance. On October 11, 1996, the court entered a default judgment against Robinson and in favor of Thomas Howell in the amount of $19,000; in favor of Hattie Howell in the amount of $19,000; in favor of Maggie Ross in the amount of $9,000; and in favor of Lillian Jenkins in the amount of $9,500. This amounted to a total judgment of $56,500 entered against Robinson, and court costs were assessed against Robinson.
Robinson stated that he first became aware of the judgment in October 1997, approximately one year after it had been entered, when the sheriff's office sent him a notice of a sale of Robinson's house, in execution of the judgment. For the first time, Robinson retained an attorney; because the time for appeal from the judgment had expired, the attorney filed a motion to stay the execution of the judgment and a motion for relief from the judgment pursuant to Rule 60(b) (6). Following a hearing on November 7, 1997, the trial court granted the motion to stay the execution of the judgment and denied the Rule 60(b) (6) motion to set aside the judgment. Robinson appealed to the Supreme Court; that court transferred the appeal to this court pursuant to Ala. Code 1975 § 12-2-7.
Because Robinson sought to set aside a default judgment in his Rule 60(b) (6) motion the trial court was required to consider both whether Robinson had established grounds under Rule 60(b) (6) to set aside the judgment and also whether he had met the standards for setting aside default judgment set forth by our supreme court in Kirtland v. Fort Morgan. Auth. Sewer Serv., Inc.,524 So.2d 600, 605-08 (Ala. 1988) See DaLee v. Crosby Lumber Co.,561 So.2d 1086, 1091 (Ala. 1990). The three-factor analysis set forth in Kirtland provided that, before setting aside a default judgment, a trial court must consider the following factors:
 "`1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced; and 3) whether the default judgment was a result of the defendant's own culpable conduct.'"
Id. at 1090 (citations omitted).[1]
Rule 60(b) (6) permits the trial court to grant relief from a judgment for "any other reason justifying relief from the operation of the judgment," and Rule 60(b) provides that "[t]he motion shall be made within a reasonable time." Relief from a judgment may be obtained under Rule 60(b) (6) "only in cases involving extreme hardship or injustice." Watson v. Watson696 So.2d 1071, 1074 (Ala.Civ.App. 1996) (citations omitted). "Rule 60(b) (6) is not to be used to `reliev[e] a party from the free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interest.'"Id.
Robinson testified about his telephone conversation with Watters, following the serving of the summons and the complaint. Robinson informed Watters that the Department of Public Safety had determined that he had not been involved in the subject accident. He also explained to Watters that before the accident occurred he had reported to the police department that his driver's license had been stolen. Robinson explained that his brother had been the person who was involved in the accident and that his brother had presented Robinson's driver's license to the investigating officers as false identification. Robinson told Watters that his brother had previously implicated him in another accident by using Robinson's driver's license.[2] *Page 285 
During the telephone conversation, Robinson said, he gave Watters the name of the state trooper who had returned his driver's license following the conclusion of the hearing. Robinson told Watters that after the hearing he met with the police officer who had written the report in this accident to advise the police officer of the outcome of the hearing. As a result of that meeting, he testified, the police officer amended the police report to reflect this new information. Robinson said he gave this officer's name to Watters as well.
In his testimony, Robinson did not specifically allege that he was deliberately misled by counsel for the plaintiffs. He testified that he could not recall what the plaintiffs' counsel said to him in the telephone conversation. When asked by the court whether he did anything to defend the lawsuit after having this telephone conversation, Mr. Robinson replied:
 "Well, I didn't make any other moves because when I gave him the information and the proof that I had already been to a hearing and had been released from the state and from the police department, I thought that he was going to check it out because I gave him the names and numbers. That he would check it out. I didn't follow it any further there and I know I was innocent."
Watters acted both as counsel for the plaintiffs and as a witness at the hearing on the Rule 60(b) motion. We note that such a practice is generally not recommended, because of professional ethical concerns. See, e.g., Harkins v.Lewis, 535 So.2d 104 (Ala. 1988); Alabama Rules of Professional Conduct, Rule 3.7.
Watters questioned Robinson as follows:
 "Q. Mr. Robinson, didn't I ask you to send me paperwork that you had on this — what you were telling me over the telephone?
"A. Send you a report?
 "Q. Send me any paperwork you had to support what you were telling me over the telephone:
"A. I don't recall you telling me to send it, sir.
 "Q. And didn't I ask you to have your brother contact me, since you were saying he was the responsible party?
 "A. No, I am not sure I heard you say that, sir, because I was having a time getting my brother my ownself."
The court questioned Watters as follows:
 "Q. . . . Richard, did you, in fact have a telephone conversation with Mr. Robinson about this case on or about July 23 of 1996?
 "A. I had a phone conversation with someone identifying himself as Mr. Robinson; I sure did.
 "Q. And how did you get that? Did you call him or did he call you?
"A. He called me.
"Q. Okay. Do you recall what he said to you?
 "A. He basically told me he had been served with a summons and complaint or been served and that he was not the responsible party, that his brother was. And that he had some kind of hearing with the Department of Public Safety or something to that effect. I told him he would have to provide me with some kind of documentation showing that he was not the responsible party. That I would like him to have his brother call me. That I just couldn't take his word for it. That was basically the gist of the conversation. It did not last very long."
We are aware that a Rule 60(b) (6) motion is not to be used as a substitute for an appeal. Watson, 696 So.2d at 1074. However, our Supreme Court has held that "`[t]he general rule that a Rule 60(b) (6) motion is not a remedy for failure to take an appeal is not inflexible, and in unusual cases it may afford relief.'"Glasscock v. Wallace, 488 So.2d 1346, 1348 (Ala. 1986) (citing 11 C. Wright A. Miller, Federal Practice and Procedure: Civil
§ 2864 (1973)). Relief from a judgment under Rule 60(b) (6) is "an extreme and powerful remedy that should be used only under extraordinary circumstances where extreme hardship or injustice will result *Page 286 
from the enforcement of the [judgment]." 2 Champ Lyons, Jr.,Alabama Rules of Practice and Procedure Annotated 346 (3d ed. 1996). Our Supreme Court has held that although relief under Rule 60(b) (6) should be reserved for extraordinary circumstances where it is necessary to prevent extreme hardship and injustice, it provides a "`grand reservoir of equitable power to do justice.'" Ex parte Robinson Roofing Remodeling, Inc.,709 So.2d 444 (Ala. 1997) (citations omitted).[3]
Following a thorough review of the record, we hold that Rule 60(b) (6) is applicable to the facts of this case and that the trial judge abused his discretion in failing to grant Robinson's Rule 60 (b) (6) motion to set aside the default judgment. The "any other reason" clause of Rule 60(b) (6) vests in courts a broad power sufficient to enable them to vacate a judgment whenever such action is appropriate to accomplish justice.Williams v. Williams, 581 So.2d 1116 (Ala.Civ.App. 1991). We believe Rule 60(b) (6) was created to provide equitable relief in circumstances such as those found in this case. We can think of no greater hardship than would be caused by Robinson's losing his home in a legal dispute over an accident in which he was not involved; Robinson should have his day in court. In light of the evidence that Robinson made prompt and diligent efforts to provide Watters with information, available in public records that could lead to the correct identity of the tortfeasor, we believe that this matter should be resolved on its merits. We also conclude that the Rule 60(b) (6) motion was made "within a reasonable time." The default judgment against Robinson was entered on October 11, 1996, and Robinson filed his Rule 60(b) (6) motion on October 10, 1997, within the three-year limitation.See Robinson Roofing Remodeling, supra, 709 So.2d at 446.
We see no prejudice that would result to the plaintiff's by requiring them to prove their case if they can, against Robinson. The plaintiffs complain that they will suffer prejudice by having the default judgment set aside because, they say, the statutory period of limitations has now expired as to the person Robinson says was the true tortfeasor. We find no merit in this argument. We note that the plaintiffs were put on notice that they may have sued the wrong party, several weeks before the limitations period expired; they could have amended their complaint accordingly. We therefore reverse the order of the trial court denying the motion to set aside the default judgment and remand the case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result.
[1] These are the factors a court is bound to consider when ruling on a Rule 55(c) motion; however Rule 55(c) was not available to Robinson, because his motion was filed more than 30 days after the entry of the default judgment. Kirtland, 524 So.2d at 605-07.
[2] Robinson testified that an insurance company representative had contacted him by telephone in the course of an investigation of the prior accident because Robinson was listed as the "at-fault driver" on the accident report. Robinson stated that he was able to resolve that matter by providing information to the representative over the telephone.
[3] Although the facts of the present case are not completely analogous, we believe this case presents facts sufficiently similar to the facts of Robinson Roofing Remodeling to invoke the application of the Supreme Court's ruling in that case.