After Remand from the Supreme Court

MONROE, Judge.
This court’s prior judgment has been reversed and the cause remanded by the Alabama Supreme Court for reconsideration in light of Ex parte Jenkins, 723 So.2d 649 (Ala.1998). Ex parte State ex rel. G.M.F., 728 So.2d 149 (Ala.1998).
The facts and procedural history are fully set out in our original opinion, State ex rel. G.M.F. v. W.F.F., 728 So.2d 144 (Ala.Civ.App.1996). In that opinion, we held that the trial court did not err in reopening the matter of paternity pursuant to § 26-17A-1, Ala. Code 1975, and that the trial court did not abuse its discretion in granting W.F.F. relief by setting aside the prior adjudication of paternity pursuant to Rule 60(b), Ala. R. Civ. P.
In Jenkins, the Alabama Supreme Court held that § 26-17A-1, Ala.Code 1975, which authorizes a trial court to reopen the matter of paternity, could not be applied retroactively because to do so would violate the separation-of-powers principle; as a result, § 26-17A-1 cannot be applied to judgments of paternity that became final before April 26, 1994. Ex parte Jenkins, 723 So.2d 649. In this case, the original divorce judgment, which judicially established the husband as the child’s father, was entered in 1983. Therefore, W.F.F. was not entitled to have the paternity question reopened pursuant to that statute.
However, in Jenkins the court also said that a father seeking to set aside a previous adjudication of paternity may be entitled to relief under Rule 60(b), Ala. R. Civ. P. 723 So.2d at 659-60. The court explained the factors a court should consider in determining whether to reopen a paternity judgment under Rule 60(b)(6), and in determining whether the motion was made within a “reasonable time” as required by the rule:
“[I]n a paternity case a trial court should apply equitable principles, including the doctrine of laches, in determining when the ‘reasonable time’ allowed by Rule 60(b)(6) begins to run and when it expires. [Citation omitted.] In determining whether a ‘reasonable time’ has expired, the trial court should consider several factors, including the 'circumstances under which the original paternity judgment was rendered; the circumstances under which, and when, the previously adjudicated father came to doubt that he was the biological father; when he sought to obtain scientific evidence to determine paternity; when he presented the scientific evidence to the trial court or asked the trial court to order scientific testing; and the burdens imposed on the previously adjudicated father and on the child by the continued enforcement of the prior paternity adjudication or by the reopening of the judgment.”
723 So.2d at 660.
“Our Supreme Court has held that although relief under Rule 60(b)(6) should be reserved for extraordinary circumstances where it is necessary to prevent extreme hardship and injustice, [that Rule] provides a ‘grand reservoir of equitable power to do justice.’” Robinson v. Howell, 726 So.2d 283, 286 (Ala.Civ.App.1998) (citations omitted). Granting or denying a Rule 60(b) motion is within the sound discretion of the trial court, and our review is limited to determining whether there was an abuse of that dis *151 cretion. C.W. v. State Dep’t of Human Resources, 590 So.2d 306 (Ala.Civ.App.1991).
In discussing in our original opinion whether the adjudication of paternity set forth in the 1983 divorce judgment was properly set aside pursuant to Rule 60(b), we set forth the following facts.
“W.F.F. had no reason to question that determination of paternity until the child’s mother informed him he was not the child’s father. The record shows that blood tests were conducted on W.F.F., G.M.F., the child, and the man G.M.F. now alleges is the father, D.W. The results showed that W.F.F. was not the child’s father — that in all probability, D.W. was the child’s biological father.
“This is not a case in which reopening the paternity issue will leave the child ‘fatherless.’ While we share the State’s concerns regarding the welfare of the child and the integrity of the family unit, in this case the child is well aware of who her biological father is. She visits D.W. and he has acknowledged that she is his child. The child was not quite a year old when W.F.F. and G.M.F. were divorced. Everyone involved is aware of his or her relationship with the others involved in this case....”
State ex rel. G.M.F. v. W.F.F., 728 So.2d at 146.
We note that nearly nine years passed between the time of the original divorce judgment and the time the mother informed W.F.F. that he was not the child’s father. However, as soon as W.F.F. learned he was not the father, he filed a motion to amend the divorce judgment. As stated in our original opinion, we would be perpetuating an injustice to have the man who is undisputedly not the father continue to pay support for the child, while ignoring the man who is in fact the child’s father, especially since he holds the child out as his own. Because of the extraordinary circumstances involved in this case, the trial court did not abuse its discretion in granting W.F.F. relief from the paternity judgment under Rule 60(b).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.