On Application for Rehearing
The opinion of February 4, 2000, is withdrawn, and the following is substituted therefor.
In September 1998, Eleanor Stubbs (the "worker") sued Brookwood Medical Center (the "company") for workers' compensation benefits, alleging that she had been injured in the line and scope of her employment and that as a result she had suffered a permanent disability. She requested compensation benefits and medical expenses. The company filed a motion to dismiss the worker's complaint, arguing that it and the worker had entered into a final settlement of her claim pursuant to the Ombudsman Program Article of the Workers' Compensation Act, Ala. Code 1975, § 25-5-290 et seq. The trial court granted the company's motion to dismiss. The worker appeals.
Because the trial court heard evidence outside the pleadings, the City's motion to dismiss was converted to a Rule 56, Ala.R.Civ.P., motion for summary judgment. See Rule 12(b), Ala.R.Civ.P. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. See West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870 (Ala. 1989), and Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794 (Ala. 1989), for a discussion of the application of the substantial-evidence rule.
After reviewing the record, we adopt the trial court's findings of facts, which read as follows:
 "The [worker and the company] have stipulated to the following facts:
 "This is a workers' compensation case. The [worker] filed a complaint for workers' compensation benefits against the [company] on September 22, 1998. In the complaint, [the worker] alleges that she suffered an on-the-job injury during her employment with [the company] on December 20, 1996. She alleges that she suffered permanent-partial or permanent-total disability.
 "In November of 1997, [the worker] and Linda Kimbriel [the `adjuster'], an adjuster for Crawford and Company, the third-party administrator of workers' compensation claims for [the company], negotiated a settlement of [the worker's] workers' compensation claim. [The adjuster] requested a benefit review conference between the employer and employee before an ombudsman with the Alabama Department of Industrial Relations, Workers' Compensation Division. Jewell Dalton [(the `ombudsman')], an ombudsman with the Department of Industrial Relations, was assigned to the matter. [The ombudsman] was provided with information relating to the employee's wages, medical records and other information pertinent to the issues of [the worker's] workers' compensation claim. [The ombudsman] reviewed these materials and verified the amounts due to [the worker] under [the] Workers' Compensation Act.
 "[The ombudsman] contacted [the worker] concerning her settlement with [the company]. [The worker] told [the ombudsman] that she had indeed agreed to settle her workers' compensation claim with [the company]. [The ombudsman] verified with [the worker] her understanding of her rights and wished to proceed with the settlement without employing an attorney. [The ombudsman] forwarded [to the worker] two forms consisting of (1) the Memorandum Agreement; and (2) the Affidavit. She explained the forms to [the worker] and instructed her to call her if she had any further questions relating to the forms.
 "[The worker] executed the Memorandum Agreement and the Affidavit, and forwarded the same back to [the ombudsman]. Upon receipt, [the ombudsman] *Page 361 
forwarded the Memorandum Agreement to [the adjuster] for execution. The Memorandum Agreement was filed with the Department of Industrial Relations on or about December 4, 1997.
 "All issues relating to [the worker's] permanent-partial disability, vocational disability, vocational rehabilitation and future medical benefits were discussed with [the worker] and resolved in the Memorandum Agreement filed on or about December 4, 1997. The parties agreed in the Memorandum Agreement to a permanent-partial disability of five percent (5%) to the body as a whole. [The worker] agreed to accept a lump-sum payment of [$5,000] as full and final settlement of all permanent-partial disability, vocational disability, and vocational rehabilitation. Future medicals were to remain open for a period of six (6) months from November 24, 1997 [to] May 24, 1998.
 "In the Affidavit, [the worker] acknowledged that she had a right to be represented by counsel, and had a right to have her settlement of the workers' compensation claim reviewed by a court of competent jurisdiction at any time within [60] days after the date of the settlement, but at the end of [60] days the settlement would become final and irrevocable.
 "The Memorandum Agreement and Affidavit were signed on December 1, 1997. Neither party sought to have the settlement of Ms. Stubbs's claim reviewed by a court of competent jurisdiction at any time within [60] days of December 1, 1997. The [worker] filed this lawsuit on September 22, 1998."
The worker argues that the trial court erred by entering the summary judgment for the company, because the settlement between her and the company was not approved by a court of competent jurisdiction. The worker argues that § 25-5-56 (requiring court approval of settlements for less than the amount of benefits the worker is entitled pursuant to the Workers' Compensation Act) and -83 (requiring court approval of settlements to be paid in a lump sum) require that all settlements, including those made pursuant to the Ombudsman Program, be approved by a court of competent jurisdiction. The company contends that § 25-5-292
does not require a court to approve an Ombudsman Program settlement. We agree with the company.
This is the first case to discuss the Ombudsman Program in depth. The Ombudsman Program provides a process by which a worker and a company may settle a disputed workers' compensation claim outside the judicial process. Section 25-5-292. The duties and limits of an ombudsman are described as follows:
 "An ombudsman shall not be an advocate for any person who shall assist a [worker], employer, or other person in any proceeding beyond the benefit review conference, but may, at all times, provide appropriate information regarding this chapter and rules and regulations promulgated thereunder."
Section 25-5-290(c).
Section 25-5-291 provides that a "benefit review conference is a nonadversarial, informal dispute resolution proceeding." Section 25-5-292(a) provides:
 "A [disputed claim] may be resolved either in whole or in part at the benefit review conference. . . . A settlement reached hereunder shall, unless otherwise provided herein, be effective on the date the settlement is signed unless one of the parties submits the settlement to the court for approval as provided in this article."
Section 25-5-292(b) provides:
 "An agreement signed pursuant to this section shall be binding on all parties through the final conclusion of all matters relating to the claim, unless within 60 days after the agreement is signed or approved by the court on a finding of fraud, newly discovered evidence, or other good cause, shall relieve *Page 362 
all parties of the effect of the agreement."
Section 25-5-292(a) allows a disputed claim to be settled at a benefit-review conference. That is what occurred in this case. Section 25-5-292(a) further allows either party the right to submit the settlement to a court for approval, and § 25-5-292(b) allows the submission within 60 days of entering the settlement. No provision of the Ombudsman Program requires court approval of such a settlement.
It is undisputed that the worker did not submit the settlement to the trial court for approval within 60 days after she had entered the settlement. As stated in the trial court's findings of facts, the settlement complied with all the requirements of the Ombudsman Program. Because the worker did not submit the settlement to the trial court within the 60 days allowed by § 25-5-292(b), the settlement became final. Section 25-5-292(a). Therefore, the trial court properly dismissed the worker's complaint for workers' compensation benefits.
OPINION OF FEBRUARY 4, 2000, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
Robertson, P.J., and Monroe and Thompson, JJ., concur.
Yates, J., concurs in the result.