On Application for Rehearing

YATES, Presiding Judge.
The opinion of January 12, 2001, is withdrawn, and the following is substituted therefor.
*1201 The plaintiff, Anthony L. Estes, appeals from the denial of his postjudgment motion to set aside the trial court’s judgment dismissing his medical-malpractice action against Winston M. Ashurst, M.D., for failure to prosecute. The supreme court transferred this case to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On January 5, 1996, Estes sued Dr. Ash-urst, alleging medical malpractice. At the time, Estes was represented by Lynn Crosson and Edward Hardin of the law firm Hardin & Hawkins.
On February 20, 1997, the trial court granted a joint motion of the parties to continue the trial, which had been scheduled for May 5, 1997, because discovery had not been completed. The court reset the trial for March 2, 1998. On February 6, 1998, the court denied a second joint motion to continue the trial, because the parties had not stated in their motion why discovery had not been completed. However, on February 20, 1998, the trial court granted the joint motion to continue, “in view of recent developments in this action,” and rescheduled the trial for August 24, 1998. The court also entered a new scheduling order for discovery, because neither party had complied with the court’s first scheduling order. On March 18, 1998, following Estes’s dismissal of a codefendant, the court rescheduled the trial for November 16, 1998. On July 2, 1998, the court denied Estes’s motion to extend discovery.
Apparently, sometime in the fall of 1998, the trial court was put on notice that Estes might no longer be represented by Hardin & Hawkins. On November 12, 1998, Judge William Gordon issued an order instructing the lawyer of that firm to notify the court whether they intended to further represent Estes. Judge Gordon also ordered Estes to inform him whether he had retained new counsel or wished to proceed pro se. Judge Gordon required a response by December 14,1998.
On December 7, 1998, Judge Gordon sent Clay Alspaugh of the law firm of Hogan, Smith, & Alspaugh a letter stating that he had been informed by Hardin & Hawkins that Alspaugh would be representing Estes and that he would appreciate Alspaugh’s filing a notice of appearance as soon as possible so that a new scheduling conference could be set.
On January 11, 1999, attorneys for Dr. Ashurst moved to dismiss for failure to prosecute and failure to comply with the November 12, 1998, order. On January 20, 1999, Alspaugh filed a notice of appearance on behalf of Estes. On January 21, 1999, Judge Tracy McCooey, who had been elected to the seat made vacant by Judge Gordon’s retirement, granted Dr. Ash-urst’s motion to dismiss. Alspaugh did not receive a copy of the order of dismissal.
On April 2,1999, both parties attended a scheduling conference to prepare for trial, which was set for February 7, 2000. At no time during the hearing did anyone mention the dismissal. Following the hearing, discovery continued. On December 16, 1999, Judge McCooey received a letter from an attorney for Dr. Ashurst stating that he had two other cases scheduled for trial and that he might have a conflict with trying the Estes case on February 7, 2000.
On January 21, 2000, Judge McCooey scheduled a pretrial hearing. At this hearing, attorneys for Dr. Ashurst raised the issue of the dismissal. On January 26, 2000, Judge McCooey entered a second order purporting to dismiss the case. In that order, Judge McCooey stated that the procedural issues in the case should be addressed by an appellate court. She also stated:
“The Court, however is extremely troubled that defense counsel would continue *1202 to let a case go forward for an entire year as if it were going to trial and never inform Plaintiffs counsel, the Court, or — the court assumes — the Defendant, that this case had been previously dismissed during the transition period between the Honorable William Gordon and this Judge.”
On February 22, 2000, Estes filed a Rule 59, Ala.R.Civ.P., motion to alter, amend, or vacate the judgment, based on excusable neglect. That motion was denied by operation of law following the expiration of 90 days, pursuant to Rule 59.1. Estes appealed.
First, we note that Judge McCooey took her oath of office on January 19,1999, and was later publicly sworn in on January 22, 1999. Although it appears Judge McCooey was concerned whether she had the authority to enter the dismissal on January 21, 1999, her term of office did, in fact, begin on January 19, 1999; she, therefore, had the legal authority to enter the dismissal.
We must consider whether Judge McCooey abused her discretion in entering the dismissal on January 21, 1999. Judge McCooey’s order of dismissal was in the form of a handwritten note on Dr. Ash-urst’s motion to dismiss for lack of prosecution. Although Judge McCooey’s order states that the dismissal was without prejudice, it was effectively a dismissal with prejudice, because the limitations period allowed for filing the action had run. Also, Judge McCooey’s order was based on Dr. Ashurst’s motion to dismiss for lack of prosecution. We note that both parties make their respective arguments in terms of a dismissal with prejudice for lack of prosecution. Therefore,, we will consider the January 21, 1999, dismissal as a dismissal with prejudice, entered under Rule 41(b), Ala.R.Civ.P., for lack of prosecution.
Rule 41(b) provides that an action may be dismissed “for failure of the plaintiff to prosecute or to comply with these rules or any order of the court.” A Rule 41(b) dismissal is within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. Atkins v. Shirley, 561 So.2d 1075 (Ala.1990); Riddlesprigger v. Ervin, 519 So.2d 486 (Ala.1987); Coulter v. Stewart, 726 So.2d 726 (Ala.Civ.App.1999). Nevertheless, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Smith v. Wilcox County Bd. of Educ., 865 So.2d 659 (Ala.1978); Hodge v. R & R Movers, 716 So.2d 740 (Ala.Civ.App.1998). In reviewing the trial court’s dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209 (Ala.1992).
The evidence reflects that before the January 21, 1999, dismissal, two joint motions to continue had been filed and that both parties had not complied with the trial court’s first scheduling order. Also, the January 21, 1999, motion to dismiss was granted by a new judge following a transition in office. Judge Gordon acknowledged that he had received notice on December 7 that Alspaugh would be representing Estes. Judge Gordon did not set a specific date for Alspaugh to file a notice of appearance, but asked that he file a notice of appearance as soon as possible. Alspaugh did not receive a copy of the dismissal order. Both Dr. Ashurst and Estes continued to prepare for trial for one year after the entry of the dismissal order. Judge McCooey indicated in her second dismissal order that she did not remember entering the first dismissal order. She also was concerned about why Dr. Ashurst’s attorneys would continue to prepare for trial and put their own client under the stress and costs of an impending *1203 trial for a year if they had known about the dismissal.
We held in Coulter v. Stewart, swpra, 726 So.2d 726, that the trial court abused its discretion in dismissing a case for failure to prosecute, where the plaintiff had not received notice that his case had been set for dismissal pursuant to the “Expedited Case Management System.” That system is designed to dispose of a case within 12 months of filing. There was no indication in the record that the plaintiff had received notice that the case was to be dismissed. We noted that although we encourage parties to monitor the status of their case, the record indicated no willful or contumacious conduct on the plaintiffs part.
In Hodge v. R & R Movers, supra, 716 So.2d 740, the dismissal of the case for lack of prosecution was not warranted by the plaintiffs failure to file the requisite “motion to set and certificate of readiness,” as required under the Expedited Case Management System, where the plaintiff was not notified that that motion had to be filed within 270 days of filing the complaint or else the case would be dismissed and where the plaintiff had been actively searching for substitute counsel since the time his first attorney had withdrawn.
The supreme court in Atkins v. Shirley, supra, 561 So.2d 1075, held that the trial court’s sua sponte dismissal of the plaintiffs case for failure to prosecute was reversible error where the history of the case indicated affirmative action by both parties to keep the lawsuit active. In contrast, the supreme court in Cassady v. Montgomery County Bd. of Educ., 496 So.2d 764 (Ala.1986), held that the dismissal for failure to prosecute was proper where the plaintiff had sought a series of continuances over a period of 20 months, had failed to appear at two pretrial confer-enees, and had failed to appear on the date scheduled for trial.
In Cleveland v. Monroe, 474 So.2d 80 (Ala.1985), the supreme court ordered that the case be reinstated after the trial court improperly dismissed it for lack of prosecution. In Cleveland, the trial court dismissed the action after the plaintiffs counsel informed the court that he was no longer representing him. However, the plaintiffs new counsel and the defendant’s counsel proceeded for two months as if the case had not been dismissed. The court stated that “all parties considered the case alive and well long after the order was entered dismissing it.” Id. at 81. The court further stated that because all the parties had proceeded as though the case had not been dismissed, “we cannot see any prejudice resulting to defendant from its reinstatement.” 474 So.2d at 81.
In the present case, both parties had previously asked for continuances and both parties had failed to comply with the trial court’s scheduling order. Judge Gordon had issued an order asking Estes’s new attorney to file a notice of appearance as soon as possible. During a transition in office, Judge McCooey dismissed the case for lack of prosecution. The new attorney was not sent a notice of the dismissal. However, for one year, both parties and the trial court proceeded as if no dismissal order had been entered. Seventeen days before trial, Dr. Ashurst’s attorneys pointed out the dismissal. We conclude that Estes’s actions did not constitute delay, willful default, or contumacious conduct. Based on the foregoing, we hold that the trial court abused its discretion in entering the January 21,1999, dismissal order.
Dr. Ashurst argues that even if the trial court abused its discretion in granting the motion to dismiss, Estes failed to seek relief from the January 21, 1999, dismissal *1204 within the time period allowed by Rule 60(b), Ala.R.Civ.P. Dr. Ashurst argues that Ellen v. Freshvale, Inc., 600 So.2d 1038 (Ala.Civ.App.1992), is dispositive of this issue. In Ellen, the plaintiff failed to perfect service upon the defendant and the case was dismissed. No postjudgment motion was filed; however, the plaintiff continued to file documents in court. The trial judge entered an order “to clear up some apparent confusion,” wherein he purported to reaffirm his earlier order of dismissal. The plaintiffs motion to set aside was denied. This court dismissed the plaintiffs appeal, because the plaintiff had not filed an appeal within 42 days of the original order of dismissal.
Ellen is distinguishable from this present case. Judge McCooey, in her second order of dismissal, suggested appellate review of her January 21, 1999, dismissal order might be appropriate. Also, in this present case, both parties continued to treat the case as if no order of dismissal had been entered. We note, too, that Ellen is a two-paragraph opinion citing no caselaw.
This present case is more analogous to Daubert Coated Products, Inc. v. Twilley, 589 So.2d 733 (Ala.Civ.App.1991), wherein this court held that the trial court did not abuse its discretion in setting aside its earlier dismissal for failure to prosecute, a dismissal entered seven and one-half months earlier. In Twilley, no evidence indicated that either party was notified of the “call docket” or of the order of dismissal and, after the dismissal, both parties continued discovery. The trial court in Twilley, after the dismissal, entered a discovery order, as if there had been no dismissal. We held that the plaintiffs motion for relief from the judgment stated a circumstance requiring relief under Rule 60(b)(6), Ala.R.Civ.P.
Although Estes appealed from the trial court’s denial of his postjudgment motion following the second order of dismissal, this motion, in substance, was a Rule 60(b)(6), Ala.R.Civ.P., motion for relief from the judgment of dismissal dated January 21, 1999. Estes was entitled to relief pursuant to that motion. Accordingly, we reverse the judgment and remand the case for further proceedings.
OPINION OF JANUARY 12, 2001, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
CRAWLEY and MURDOCK, JJ., concur in the result.
THOMPSON and PITTMAN, JJ., dissent.