CRAWLEY, Judge,
concurring in the result.
Upon further review of this case, I conclude that Estes’s postjudgment motion following the second order of dismissal can be considered a Rule 60(b)(6), Ala.R.Civ.P., motion and that he is entitled to relief from the judgment. Therefore, I concur in the reversal.
Alspaugh filed a notice of appearance before the first dismissal, but received no notice of that dismissal. Thereafter, all parties, as well as the trial court, treated the case as continuing and prepared for trial. Shortly after the dismissal, in fact, the court notified the parties of a scheduling conference. No one raised the issue that the case had been dismissed. Ten months later, Ashurst’s counsel apprised the court of the entry of the dismissal.
Ashurst argues that Estes’s motion for relief from the judgment can only be considered as an untimely Rule 60(b)(1) motion (based on “mistake, inadvertence, surprise, or excusable neglect”) because it *1205 was not filed within four months of the first dismissal. I disagree.
“Although the grounds for relief available under Rule 60(b)(1) generally cannot be valid grounds under Rule 60(b)(6), [there is] an exception when, in the interest of justice, aggravating circumstances may be considered sufficient to allow the trial court to treat what would otherwise be a Rule 60(b)(1) motion as a motion coming within Rule 60(b)(6). The application of this exception has generally been limited to circumstances where the judgment was the result of mistake, inadvertence, or neglect of counsel and where, despite all diligence exercised to protect his own interests, the client was unable to reasonably protect his interests because he was misled by his attorney as to the status or conduct of his case.”
R.J. Reynolds Tobacco Co. v. Cantley, 717 So.2d 751, 758 n. 3 (Ala.1998). In Daubert Coated Products, Inc. v. Twilley, 589 So.2d 733, 735 (Ala.Civ.App.1991), this court affirmed an order granting a Rule 60(b)(6) motion under circumstances similar to the ones in the present case. In Daubert, we stated:
“ ‘The only reasonable explanation for the entry of the judgment in this case is a misunderstanding between the litigants, the lawyers, and the trial judge.... The courts of this state simply cannot be without power to remedy a wrong of this magnitude.’ ”
589 So.2d at 735 (quoting Blackwell v. Adams, 467 So.2d 680, 683 (Ala.1985)).