CRAWLEY, Judge.
On May 1, 1998, Alice Boone fell and injured herself while shopping at Bill’s Dollar Stores, Inc. (“Bill’s”). On April 25, 2000, Boone sued Bill’s, alleging that Bill’s had negligently or wantonly maintained its premises, and that its negligence or wantonness had resulted in her injuries. Bill’s answered the complaint, and discovery proceeded until April 10, 2001, when Bill’s filed a “Suggestion of Bankruptcy.” On April 24, 2001, the circuit court, sua sponte, entered a judgment dismissing Boone’s claim without prejudice. That judgment stated as follows:
“This case, having come before the Court on a Suggestion of Bankruptcy of the Defendant Bill’s Dollar Stores, Inc.; said cause having been removed to U.S. Bankruptcy Court of the Southern District of Alabama; upon the Court’s own motion, this case is hereby dismissed mthout prejudice, with leave to reinstate, upon motion of either party and a showing to this Court of the Order by the U.S. Bankruptcy Court removing such automatic stay.”
Boone appeals. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
Although the trial court indicated that its dismissal was “without prejudice,” Boone correctly points out that the dismissal is “effectively a dismissal with prejudice, because the limitations period al *322 lowed for filing the action had run” when the trial court dismissed the case. See Estes v. Ashurst, 794 So.2d 1199, 1202 (Ala.Civ.App.2001). In addition, Boone points out that the record does not contain any indication that her case was removed to bankruptcy court, although such a removal is possible. See 28 U.S.C. § 1452(a).
“Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances.” Selby v. Money, 403 So.2d 218, 220 (Ala.1981). While the granting of a dismissal will be reversed only if an abuse of the trial court’s discretion is shown, Selby, 403 So.2d at 220, dismissal with prejudice is typically warranted only in situations involving a “clear record of delay, willful default or contumacious conduct by the plaintiff.” Id.
In this case, it appears that the trial court believed that the case had been removed to bankruptcy court, which would have left it with no jurisdiction to enter a dismissal order, see 28 U.S.C. § 1446(d) (stating that after removal is effectuated, the “State court shall proceed no further unless and until the case is remanded”) or that the automatic stay, see 11 U.S.C. § 362(a), required a dismissal. However, Ala.Code 1975, § 6-7-30, clearly states that, in cases involving a defendant who has filed a bankruptcy petition, the court has a duty to proceed with the trial of the action if permitted to do so by the bankruptcy court. Certainly, the trial court could not have proceeded with the trial of this case without a judgment of the bankruptcy court lifting the automatic stay, see 11 U.S.C. § 362(d); however, the trial court should have simply stayed the matter for a time sufficient to allow Boone, if she so chose, to seek relief from the automatic stay or to seek an alternative method of pursuing her claims against Bill’s. We conclude that the judgment of dismissal was an abuse of the trial court’s discretion. That judgment is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.