PITTMAN, Judge,
dissenting.
Because I would grant the petition for a writ of mandamus, I respectfully dissent.
To date only two cases have addressed the enforcement of settlements reached pursuant to the Ombudsman Program established by § 25-5-290 et seq., Ala.Code 1975. The first, Stubbs v. Brookwood Medical Center, 767 So.2d 359 (Ala.Civ.App.2000), held that a settlement reached under the Ombudsman Program does not have to receive court approval under § 25-5-56 or § 25-5-83 in order to be enforced as a valid agreement. Ex parte Ford, 782 So.2d 185 (Ala.2000), presented a similar situation. Our supreme court concluded that when the worker did not seek review of the settlement agreement reviewed by the trial court within the 60-day period, the trial court did not have jurisdiction, after the expiration of the 60-day period, to set the agreement aside.
While Stubbs and Ford both stand for the proposition that a settlement reached through the Ombudsman Program becomes final and binding after the 60 days *437 have passed without trial court review, neither case addresses the application of § 25 — 5—292(b) to a settlement agreement. The facts in Stubbs and Ford are distinguishable from those in this case. Here Nipper submitted the settlement agreement to the trial court for approval within the statutory period. The statute specifically states that a settlement agreement reached through the Ombudsman Program becomes final in 60 days unless a trial court makes “a finding of fraud, newly discovered evidence, or other good cause.” Under what circumstances may a trial court reject a settlement?
When considering the reasons a trial court may relieve the parties from the effect of a settlement agreement reached through the Ombudsman Program, I must rely on traditional statutory construction rules. One such canon is “ejusdem gener-is” which provides that “ ‘where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated.’ ” City of Huntsville v. Brown, 611 So.2d 372, 374 (Ala.Civ.App.1992) (quoting Ross Jewelers, Inc. v. State, 260 Ala. 682, 687, 72 So.2d 402 (1953)). Applying “ejusdem generis,” I conclude that the phrase “other good cause” is limited to the same category of grounds already listed in § 25-5-292(b).
The language used by the legislature in § 25-5-292(b) is very similar to that used in Rule 60(b), Ala. R. Civ. P., which lists the reasons a trial court may relieve a party from a final order or judgment. Under Rule 60(b) a party may petition for relief from a final judgment by making a showing of mistake, newly discovered evidence, or fraud within four months after the entry of the judgment or order. A party may also file, within a reasonable time, a motion for relief from a judgment by showing that the judgment is void, or has been satisfied, or “any other reason justifying relief.” Rule 60(b)(4)-(6).
This court has consistently held that relief under Rule 60(b)(6), i.e., for “any other reason justifying relief,” is an extraordinary remedy, permitted only in exceptional circumstances. See Daubert Coated Prods. v. Twilley, 589 So.2d 733 (Ala.Civ.App.1991). This rule “ ‘is not to be used to “reliev[e] a party from the free, calculated, and deliberate choices [s]he has made. A party remains under a duty to take legal steps to protect his [or her] own interest.” ’ ” Robinson v. Howell, 726 So.2d 283, 284 (Ala.Civ.App.1998) (quoting Watson v. Watson, 696 So.2d 1071, 1074 (Ala.Civ.App.1996)).
When “ejusdem generis” is applied to Rule 60(b)(6), “any other reason justifying relief’ has been limited to exceptional situations not already listed in the rule. Similarly, applying “ejusdem generis,” to the phrase “other good cause” in § 25-5-292(b), I conclude that other good cause must be analogous to fraud or newly discovered evidence. Here the trial court refused to approve the settlement, stating that the agreement failed to include an adequate amount for future medical benefits. The subjective determination of the adequacy of a monetary settlement is not similar to fraud, mistake, or newly discovered evidence.
I conclude that the language of the statute does not encompass the reason given by the trial court for not enforcing the settlement agreement in this case. To be relieved from a settlement agreement reached through the Ombudsman Program, a party must present, and a trial court must find that there exists, a legal reason such as fraud, newly discovered evidence, or other similar legal grounds not specifically listed. I believe that our *438 Legislature intended the Ombudsman Program to be a simpler, quicker, extrajudicial method for resolving workers’ compensation disputes than is available in our state court system. The majority opinion will have a chilling effect on the future use of the Ombudsman Program to resolve workers’ compensation disputes quickly and simply. Because I would order the enforcement of the settlement agreement, I must respectfully dissent.