The defendant, Robinson Roofing Remodeling, Inc., appealed from the trial court's denial of its Rule 60(b), Ala.R.Civ.P., motion to set aside a default judgment entered against it and in favor of the plaintiff, Mike Clayton. The Court of Civil Appeals affirmed, without an opinion, Robinson Roofing Remodeling, Inc. v. Clayton (No. 2951297), 696 So.2d 1097
(Ala.Civ.App. 1996) (table). We granted certiorari review. The dispositive issue is whether the trial court abused its discretion in denying the defendant's Rule 60(b)(6) motion. We reverse and remand.
Clayton's complaint alleged breach of contract and fraud. The summons and the complaint were served on Earl Robinson, owner of Robinson Roofing, on December 7, 1994. Upon receiving the summons and the complaint, Earl Robinson, not acting through an attorney, served an answer on the plaintiff's counsel within two weeks; however, he did not purport to file an answer with the court clerk, nor did anyone else file an answer for Robinson Roofing.[1] On January 9, 1995, the *Page 445 
plaintiff moved for a default judgment, with a supporting affidavit asserting that the defendant had failed to answer or otherwise to defend against the complaint within 30 days. A default was entered on the same day. On February 1, 1995, a default judgment was entered against Robinson Roofing in the amount of $12,521. Robinson Roofing was not notified of the entry of default or of the default judgment.
On April 14, 1995, the plaintiff served post-judgment interrogatories on the defendant and filed a motion to shorten time for the defendant to answer. The trial court granted the motion on April 21, 1995. On July 5, 1995, the plaintiff filed a motion to compel the defendant to answer the post-judgment interrogatories. On July 10, 1995, the trial court granted the motion. On July 26, 1995, the plaintiff filed a motion for a discovery hearing. The defendant received notice of the discovery hearing; this notice was the defendant's first indication that a default judgment had been entered against it. The defendant then hired an attorney. On August 11, 1995, the defendant, through counsel, filed a Rule 60(b), Ala.R.Civ.P., motion to set aside the default judgment; the motion also sought to quash the order compelling discovery and the order setting a discovery hearing. The defendant asserted that Earl Robinson had served an answer on the plaintiff's counsel, within two weeks of receiving the summons and the complaint, and that it had received no notice of the plaintiff's application for an entry of default. In his brief in opposition to the defendant's motion to set aside the default judgment, the plaintiff argued that because the defendant had not filed an answer with the court clerk, it had failed to defend the lawsuit, and, therefore, that the default judgment was valid. In its response to the plaintiff's opposition brief, the defendant argued that the default judgment should be set aside because of mistake or inadvertence in failing to file the answer with the clerk. On September 26, 1995, the trial court denied the defendant's motion to set aside the default judgment, stating that more than four months had passed since the default judgment was entered, and, therefore, that the court lacked jurisdiction to act under Rule 60(b), Ala.R.Civ.P.
On June 6, 1996, the defendant, through new counsel, filed another Rule 60(b) motion, specifically relying on subsection (b)(6), again requesting that the default judgment be set aside. The basis of the defendant's argument was that the plaintiff's counsel had fraudulently represented to the court that the defendant had failed to respond to the complaint and, therefore, that the four-month limitation applicable to motions pursuant to Rule 60(b)(1), (2), and (3) did not apply. The court denied the motion on June 10, 1996, stating that "this matter has already been argued numerous times."
The defendant asserts that the facts of this case present a situation that would entitle it to relief under Rule 60(b)(6), arguing that it defended against the lawsuit within two weeks after being served the complaint, by sending its written response to the plaintiff's counsel.
The plaintiff asserts that he did not commit fraud on the court during the August 23, 1995, hearing by stating in his affidavit that the defendant had failed to defend against the complaint. However, the plaintiff conceded that the written response sent by Earl Robinson could be deemed an answer, even though it was not filed with the court clerk.
The Court is given wide discretion in reviewing a judgment, and in exercising this discretion we must balance the desire to remedy injustice against the need for finality of judgments.Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala. 1982). Rule 60(b)(6) authorizes a court to set aside a final judgment, when it is necessary to do so in the interest of justice and equity, "for any reason justifying relief," if the reason is not listed elsewhere under Rule 60(b). However, a Rule 60(b)(6) motion to set aside a default judgment must "be made within a reasonable time" after the entry of the judgment. Although Rule 60(b)(6) is an extraordinary remedy and should be used only under extraordinary circumstances to prevent extreme *Page 446 
hardship and injustice, it provides a "grand reservoir of equitable power to do justice." Hall v. Hall, 587 So.2d 1198
(Ala. 1991) (Adams, J., dissenting); see Williams v. Williams,581 So.2d 1116 (Ala.Civ.App. 1991). We believe this case presents an extraordinary circumstance that calls for equitable relief.
Based on a review of the record, we conclude that Rule 60(b)(6) is applicable to the facts of this case and that to allow this judgment to stand would be unjust. We have squarely held that a judgment obtained by fraud is absolutely void and that a judgment procured by fraud on the court itself may be set aside by any court, trial or appellate, on its own motion, even after three years. Ex parte Waldrop, 395 So.2d 62 (Ala. 1981). The plaintiff in this case conceded that the defendant had timely responded to the complaint but had failed to file its response with the court. The defendant took steps to defend against the lawsuit by sending a written response to the plaintiff's counsel within two weeks of being served. Clearly, when the plaintiff's counsel filed an affidavit stating that the defendant had not defended the lawsuit, the plaintiff did not disclose to the court that the defendant had filed a defense with plaintiff's counsel. The default judgment was entered as a consequence of the plaintiff's affidavit.
A party has a duty to take the legal steps necessary to protect its own interests, and the defendant in this case attempted to do so by defending against the lawsuit in the time prescribed by law. Therefore, this case should be resolved on the merits. Furthermore, we conclude that the Rule 60(b)(6) motion was "made within a reasonable time." The default judgment was entered against the defendant on February 1, 1995, and the defendant filed its Rule 60(b)(6) motion on June 6, 1996, well within the three year limitation.
Because we find that this case presents one of the precise circumstances for which we believe equitable relief under Rule 60(b)(6) was preserved, we hold that the trial court abused its discretion in denying the motion. Therefore, we reverse the judgment of the Court of Civil Appeals and remand the case with instructions to reverse the order denying the motion to set aside the default judgment and to remand the case for trial.
REVERSED AND REMANDED.
HOOPER, C.J., and ALMON, SHORES, HOUSTON, and SEE, JJ., concur.
KENNEDY, J., concurs in the result.
MADDOX, J., dissents.
[1] We note that Robinson Roofing Remodeling, Inc., is a corporation and that a corporation may appear in court only through an attorney. See A-OK Constr. Co. v. Castle Constr.Co., 594 So.2d 53 (Ala. 1992). However, the plaintiff did not raise this issue in the trial court. Had this issue been raised, it would have been within the trial court's discretion to strike the answer and grant the defendant an extension of time for cause, so that an attorney could file an answer on the defendant's behalf with the court clerk. See Rule 6(b), Ala.R.Civ.P.