1997 ME 204

**PEOPLES HERITAGE SAVINGS BANK**

v.

**Pamela A. WHITE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1997.

Decided Oct. 20, 1997.

---

Edward S. MacColl, F. Jay Meyer, Thompson, McNaboe, Ashley & Bull, L.L.C., P.A., Portland, for plaintiff.

Daniel L. Cummings, Norman, Hanson & DeTroy, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

[¶ 1] Pamela A. White appeals from the judgment of the Superior Court (Cumberland County, *Mills, J.*) denying her motion pursuant to M.R. Civ. P. 60(b) for relief from the default judgment in favor of Peoples Heritage Savings Bank on its complaint for foreclosure of the mortgage executed by White and her husband, Philip. White contends that the default judgment is void for a lack of personal jurisdiction because she was not properly served with the Bank's complaint. We affirm the judgment.

[¶ 2] In November 1994 the Bank filed its complaint seeking to foreclose the mortgage and recover the debt owed by the Whites. Neither of the Whites responded to the complaint, and the court entered a default judgment against them. After unsuccessful negotiations concerning the details of the foreclosure sale and the repayment of the debt, the mortgaged premises were sold in August 1995. In September 1996 Pamela White filed a motion for relief from the judgment, accompanied by affidavits by her husband and a deputy sheriff to show that her copy of the complaint and summons were handed to her husband at their place of business and he did not give them to her. White contended that the judgment was void for lack of personal jurisdiction and that she was entitled to relief pursuant to M.R. Civ. P. 60(b)(4).

[¶ 3] The court acknowledged that "the service [of process] was insufficient based on a technical noncompliance with [M.R. Civ. P. 4(b)(1) ]." The court stated, however, that technical noncompliance does not render the judgment void "[w]ithout a sufficient showing by [White] that she lacked notice of the action or that she did not participate in the action." We need not decide whether White had the burden of proving that she did not have actual notice of the action because the court also found that she had waived the insufficiency in the service of process by participating in the action.

[¶ 4] Moreover, the court's finding is not clearly erroneous. In opposition to White's Rule 60(b) motion, the Bank submitted an affidavit of its attorney. The affidavit recites that White's first attorney engaged in out-of-court settlement negotiations with the Bank that ultimately were unsuccessful. Thereafter, White's second attorney appeared at an in-chambers conference with the court concerning the Bank's emergency motion for the appointment of a receiver. During the conference, the court encouraged the attorneys to draft an agreed order, and the order entered by the court recited that it was based on "the consent of the parties." We express no opinion as to the effect of out-of-court negotiations, but we conclude White failed to preserve her claim of lack of personal jurisdiction by appearing at a conference with the court without raising any issues concerning the initial service of process. *See Key Bank of Maine v. Walton,* 673 A.2d 701,

703 (Me.1996). White's argument in her reply brief that the Bank's affidavit included inadmissible hearsay is raised too late to be considered on appeal. *See Machias Sav. Bank v. Longfellow,* 662 A.2d 235, 238 n. 5 (Me.1995).

The entry is:

Judgment affirmed.