2000 ME 46

## CHASE HOME MORTGAGE CORP.

v.

### Mark Smith HIDER.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 25, 2000.

Decided March 13, 2000.

David A. Dunlavey, Phillips, Olore, Dunlavey & York, P.A., Presque Isle, for plaintiff.

Mark S. Hider, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Mark Hider appeals from the judgment of the Superior Court (Cumberland County, *Mills, J.*) dismissing his appeal from a foreclosure judgment and dismissing his appeal from denials of post-judgment motions in the District Court (Portland, *Eggert, J.*). Hider contends that the Superior Court erred when it dismissed his appeals for lack of subject matter jurisdiction. We affirm the dismissals.

[¶ 2] Following a trial, a judgment of foreclosure was granted in favor of Chase Home Mortgage Corp. against Hider on July 16, 1998. Hider filed a notice of appeal which stated that he was appealing the judgment to the Superior Court. Hider subsequently filed, in the District Court, a motion for relief from the foreclosure judgment pursuant to M.R. Civ. P. 60(b)(2). The motion was denied, without hearing. Hider then filed a motion for findings of fact and conclusions of law, pursuant to M.R. Civ. P. 52, which was denied. Hider noticed an appeal stating that he was appealing the denial of these two motions to the Superior Court. The Superior Court dismissed both the appeal from the foreclosure judgment and the appeal from the post-judgment motions on the ground that it lacked subject matter jurisdiction. Hider did not file an appeal to this Court until he filed a timely appeal from the Superior Court's dismissal of his District Court appeals.

 [¶ 3] Appeals from foreclosure judgments entered in the District Court are to the Law Court, not the Superior Court. *See* 14 M.R.S.A. § 1901(2)(A) (Supp. 1999).[1] In *Green Tree Financial Corp. v. Patten*, 2000 ME 42, ¶ 14, 746 A.2d 373, we said that when a party appeals a judgment of foreclosure and names the Superior Court in the notice of appeal, the appeal period is not tolled. A notice of appeal which expressly directs the appeal to the wrong court is not an effective notice of appeal.

 [¶ 4] The statute directing the appeals to the Law Court, subsection 1901(2)(A), is broadly worded and plainly applies, not just to the foreclosure judgment itself, but to any post-judgment order issued by the District Court in the foreclosure action. The Superior Court does not have jurisdiction to decide appeals in foreclosure actions. The court correctly dismissed Hider's appeals for lack of subject matter jurisdiction.

The entry is:

Judgment affirmed.

---

1. The statute reads:
 **2. Exceptions.** The following requirements apply to appeals from the District Court.
 **A.** A party must appeal from a District Court judgment in an action of foreclosure directly to the Supreme Judicial Court within 30 days of the judgment. 14 M.R.S.A. § 1901(2)(A) (Supp.1999).