STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-06-13

TROY A. RICHARDS,

Appellant,

v.

DECISION ON APPEAL

MAINE DEPARTMENT OF
HEALTH AND HUMAN
SERVICES,

DONALD L. GARBRECHT
LAW LIBRARY

AUG 02 2001

Appellee.

This is an appeal from an administrative hearing officer's (AHO) determination

of appellant's child support debt and ongoing child support obligation. M.R.Civ.P. 80C.

Troy Richards is the non-custodial parent of a minor child. Administrative

hearings to determine Richards' child support obligations were held in April and

August 2005. A decision was issued on October 26, 2005. In that decision, the

administrative hearing officer determined a debt of $24,910 and an ongoing support

obligation of $172 per week. Richards timely appealed that decision.

Two more hearings were held in December 2005 and February 2006. A decision

on his appeal was issued on February 22, 2006.[1] In that decision, the AHO reduced the

debt amount to $12,050 and the ongoing weekly obligation to $144. Richards then filed

a timely appeal pursuant to M.R.Civ.P. 80C alleging an error in the ongoing support

obligation and amount of debt, insufficient service of process, and an allegation that the

---

[1] After Richards failed to appear for the first hearing, his employer faxed a letter to the AHO explaining Richards' absence and after also receiving a letter from the custodial parent, the AHO decided to reopen the hearing.

Maine Department of Health and Human Services lacks jurisdiction to enforce an order against Richards.[2]

## DISCUSSION

The court reviews an appeal pursuant to M.R.Civ.P. 80C for abuse of discretion, errors of law or findings not supported by the evidence. *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995). The court may reverse or modify an administrative decision only if the findings or conclusions are unlawful, *ultra vires*, procedurally deficient, biased, unsupported by substantial evidence on the whole record, or arbitrary and capricious. 5 M.R.S.A. § 11007(4)(C)(5). This court may only review issues that were raised in the administrative hearing. 19-A M.R.S.A. 2202(5) (2005). Judicial review is generally confined to the record upon which the agency's decision was based. 5 M.R.S.A. ¶ 11006(1) (2005).

Richards' chief complaint is improper service of process and that the AHO did not address that issue.[3] He was served by certified mail and he does not contest the authenticity of the signed receipt in the record. R. at D-1.

Service by certified mail for child support obligation hearings is proper under 19-A M.R.S.A. § 2254. The purpose of service is actual notice; therefore, when actual notice is accomplished, the discovery of a technical defect in service will not ordinarily negate notice. *Phillips v. Johnson*, 2003 ME 127, ¶ 24, 834 A.2d 938, 945.

Richards contends that AHO's failure to address the adequacy of process violated his due process rights and is sufficient to reverse the AHO's determination

---

[2] It is unclear whether the petitioner is asserting lack of personal jurisdiction or subject matter jurisdiction.

[3] Richards' brief did not address the issues of the amount or the outstanding debt or the order for weekly payments.

concerning his child support debt and ongoing support obligation. He first raised the issue of sufficiency of process in November 2005, after the initial decision and hearings.

This court may only review issues that were raised in the administrative hearing and since Richards appeared at the hearings without objecting to service of process and failed to raise the objections in the original hearing, his objection to service was not properly preserved for appeal. Since he did appear, it can be inferred that he received actual notice of the hearings and therefore, a technical defect in service would not be sufficient to overturn the decision based on insufficient service.

Appellant has not alleged or demonstrated any prejudice from the failure of the AHO to address the issue of service. Richards received notice; he was present, presented his arguments and was heard.

Even if service of process was deficient, it was harmless and of no consequence.

Because the appellant did not address the issues of erroneous calculation of the debt and ongoing support obligation, he is unable to prevail on those claims.

The clerk will make the following entry as the decision and judgment of the court:

- The decision of the DHHS administrative hearing officer is affirmed.

SO ORDERED.

DATED: May 10, 2007

Thomas E. Delahanty II
Justice, Superior Court

3

)F COURTS
land County
Box 287
ine 04112-0287

JONATHAN HANDELMAN ESQ
142 HIGH ST
SUITE 322
PORTLAND ME 04101

F COURTS
nd County
)x 287
e 04112-0287

CARLOS DIAZ AAG
DEPT OF THE ATTORNEY GENERAL
44 OAK ST
4TH FLOOR
PORTLAND ME 04101