STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                     DOCKET NO: CV06-645

PHILIP E. GRAY                 STATE OF MAINE
                          Cumberland, ss, Clerk's Office
                               SUPERIOR COURT
                        Plaintiff      JUN 27 2007
                                                     ORDER ON
                          RECEIVED                   DEFENDANT'S
                                                     MOTION TO DISMISS
   v.

LOREEN K. EMERY                                      DONAL
                                                        LA

                Defendant                            SEP 07 2007

This matter comes before the Court on Defendant's motion to dismiss

Plaintiff's complaint per M.R. Civ. P. 3.

## BACKGROUND

Plaintiff Philip E. Gray ("Gray") and Defendant Loreen K. Emery

("Emery") were involved in a motor vehicle accident in South Portland, Maine

on November 20, 2000. Gray was traveling south on West Broadway at

approximately 10:40 a.m. when he stopped his vehicle and signaled, preparing to

turn left onto Sokokis Street. At that point, Emery, who was also traveling south

on West Broadway, allegedly lost control of her vehicle and collided with the

rear of Gray's vehicle. Gray's car was propelled into oncoming traffic and was

damaged as a result. Gray also suffered injuries to his back, right shoulder, and

head in the accident. Following the collision, Gray's physician diagnosed him

with cervical thoracic strain in his back, soreness, and a headache.

Gray commenced the action against Emery by filing the complaint in this

Court on November 14, 2006, alleging negligence. Gray's counsel sent Emery a

copy of the complaint on January 23, 2007 in accordance with M.R. Civ. P. 4(c)(1).

He also provided a copy of his letter and complaint to Emery's insurer, Met Life, and Met Life requested a 45-day extension to file its answer. In March 2007, Emery filed a motion to dismiss, contending that Gray failed to commence his lawsuit within the six-year statute of limitations for personal injury cases.[1] Although Gray filed the suit before the statute ran, he failed to file proof of service with the court within 90 days, as required by M.R. Civ. P. 3, and did not serve Emery in another way. Emery contends that in such a situation, the Court has the discretion to, and should, dismiss the case. Gray contends that he did not have the sheriff serve Emery and file a return of service because he relied on her insurer's representations that defense counsel would accept service, and he provided actual notice to her. Emery, through the affidavit of her claims adjuster, disputes that Met Life made such a representation.

## DISCUSSION

1. <u>Standard of Review</u>.

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. The Court should dismiss a claim only "when it appears 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that [it] might prove in support of [its] claim.'" *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994) (quoting *Hall v. Bd. of Envtl. Protection*, 498 A.2d 260, 266 (Me. 1985)).

2. <u>Does the Service Defect Warrant Dismissal of the Complaint?</u>

Maine law provides that a lawsuit may be commenced either by serving the defendant with a complaint and summons, or by filing a complaint with the

---

[1] Gray filed his lawsuit six days prior to the expiration of the statute of limitations, so this argument will not be addressed. *See* 14 M.R.S.A. § 752.

court, as occurred in this case. M.R. Civ. P. 3. When a cause of action is initiated by filing a complaint, within 90 days of filing, "the return of service shall be filed with the court." *Id.* If the return is not filed, upon motion and notice, the court "may" dismiss the lawsuit. *Id.*

Technical errors in service do not usually "negate the notice when actual notice is accomplished." *Phillips v. Johnson,* 2003 ME 127, ¶ 24, 834 A.2d 938, 945. Adherence to this rule, however, "serves the basic purpose of giving the party served adequate notice of the pendency of an action" and also "gives the court personal jurisdiction over the defendant." *Brown v. Thaler,* 2005 ME 75, ¶ 10, 880 A.2d 1113, 1116. Although technical defects may be overlooked, a liberal construction of service requirements "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service [of process] may be had." *Id.* ¶ 9, 880 A.2d at 1116 (quotations and citations omitted). Service by mail is permissible, but "if the defendant does not acknowledge service within twenty days the plaintiff is required to effect service by another means." *Maguire Constr. v. Forster,* 2006 ME 112, ¶ 9, 905 A.2d 813, 816; M.R. Civ. P. 4(c).

In *Brown,* the plaintiff sent copies of the complaint to the various defendants via certified mail. 2005 ME 75, ¶ 3, 880 A.2d at 1114. These mailings, however, did not include any acknowledgments. *Id.* ¶ 6, 880 A.2d at 1115. Because the defendants "did not acknowledge service, and no acknowledgement forms were returned to the court," the Court found that mailing the complaint and summons to the defendant did not constitute completed service. *Id.* ¶ 11, 880 A.2d at 1116.

The service in this case is similar to that which occurred in *Brown,* in that Gray mailed Emery and Met Life a copy of the complaint, but no

acknowledgment or return of service was filed, and there were no further attempts to have Emery properly served. This situation, however, is distinguishable from *Brown* because, unlike the plaintiff in that case, Gray did include an acknowledgment with the complaint and summons that he sent to Emery. In addition, Met Life's letter to Gray's counsel, dated January 31, 2007, specifically states: "Pursuant to the voice mail message I left for you today, we are requesting that you grant us an extension of 45 days to answer the complaint filed. Please let me know if you will allow this, and confirm your response in writing, if you would." Because Met Life sent this written request for additional time to file a formal answer, it was reasonable for Gray to assume that any service defect had been waived and that Emery intended to confront this claim on its merits. Finally, Emery did receive actual notice that an action had been commenced. Although this does not excuse the defect, given the representations made by Met Life on Emery's behalf, dismissal on this basis is unwarranted.

The entry is:

Defendant's motion to dismiss is DENIED.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: _June 27, 2007_

Robert E. Crowley
Justice, Superior Court

F COURTS
ind County
3ox 287
ne 04112-0287

ANDREW BROADDUS ESQ
PO BOX 368
WESTBROOK ME 04092

– P1

F COURTS
ind County
3ox 287
ne 04112-0287

– DM

KRISTINE KENNEDY JENSEN ESQ
PO BOX 7108
PORTLAND ME 04112