STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-10-204

                                                  *BAc - r ll.' - ll/29/2011*


NORTHERN MATTRESS CO., INC.,
and PETER REDMAN,

                    Plaintiffs,
                                              **ORDER ON DEFENDANT**
          v.                                **DEBORAH A. GALLANT'S MOTION**
                                                    **TO DISMISS**
D. GALLANT MANAGEMENT
ASSOCIATES, and DEBORAH A.
GALLANT,

STATE OF MAINE
Cumberland, ss  Clerk's Office

APR 2 3 2011

RECEIVED

                    Defendants


          Defendant Deborah A. Gallant moves to dismiss the plaintiffs' action

against her on the grounds of insufficient service of process.

                              **BACKGROUND**

          Deborah A. Gallant is the alleged founder, president, and owner of D.

Gallant Management Associates. Gallant Management holds itself out as a "full

service human resources management consulting firm" and is located at 75 Pearl

Street in Portland, Maine. Ms. Gallant became involved with plaintiff Northern

Mattress Co. when it hired Gallant Management on March 19, 2004, to assist in

resolving conflicts among members of management. Ms. Gallant's involvement

with Northern Mattress continued through June 2004, during which time she

allegedly conducted her profession negligently, breached Gallant Management's

contract with Northern Mattress, and breached various fiduciary duties. Both

Northern Mattress and Peter Redman claim to have been harmed by these

actions.

                                    1

The plaintiffs filed their complaint against Ms. Gallant on April 30, 2010. Maine Rule of Civil Procedure 3 required them to file returns of service on the defendants on or before July 29, 2010. Deputy Sheriff Sammi Rinaldi served process on D. Gallant Management Services in hand on July 14, 2010. He then attempted to serve Ms. Gallant at her office on July 23, 2010, but was told she was not there. He left his card, and an assistant promised that Ms. Gallant would call him when she was available. Ms. Gallant never called. Deputy Sheriff Rinaldi returned to the office on July 26, 2010, and was told that Ms. Gallant was on the road and might be back on July 28th or 29th. He returned again on July 29, 2010, but was told that Ms. Gallant was still away.

On July 29th, 2010, the plaintiffs filed the return of service for D. Gallant Management Services. They also moved to enlarge the deadline for serving Ms. Gallant from July 29th, 2010, to August 29th, 2010. The motion alleged that the sheriff's office had attempted to serve Ms. Gallant at her last known home address, but that she no longer lived there and a new address could not be located. The plaintiffs did not submit any evidence to support this assertion. They did, however, file the affidavit of Deputy Sheriff Rinaldi, who stated that he believed Ms. Gallant was deliberately avoiding him. (Rinaldi Aff. ¶ 5.)

On August 13, 2010, Ms. Gallant filed a limited appearance and moved to oppose the plaintiffs' request for an enlargement of time, and to dismiss the plaintiffs' case against her pursuant to Rules 3 and 12(b)(4). Ms. Gallant contended that the plaintiffs' failure to effect service on her was due entirely to their own failure to exercise due diligence, and that there was no cause to justify granting them an extension of time. She submitted an affidavit stating that she is almost never in her office between the hours of 6:00 a.m. and 6:00 p.m., and that

2

her home address is a matter of public record. She also stated that she was present in the same courtroom as the plaintiffs and their attorney on June 29th and 30th, 2010, when she testified in their action against Berstein, Shur, Sawyer & Nelson, P.A., et al., Docket No. BCD-WB-CV-09-07. Ms. Gallant alleges that the plaintiffs could have served her at that time, but did not do so in order to conceal this action against her while she was testifying. She denied being asked to call Deputy Sheriff Rinaldi, and denied that she was attempting to evade process. In her motion, Ms. Gallant noted that Deputy Sheriff Rinaldi did not identify her home address in his affidavit, nor did he indicate what steps were taken to learn her home address.

The plaintiffs filed their opposition to Ms. Gallant on September 13, 2010, together with a motion for alternative service pursuant to Rule 4(d)(1). Additional documentation submitted with the motion indicated that Deputy Sheriff Rinaldi attempted to serve Ms. Gallant at her office multiple times between August 9, 2010, and August 17, 2010. These attempts appear to have been made between 9:30 a.m. and 3:00 p.m., hours when Ms. Gallant had indicated in the record that she would not be present. The motion for alternative service was opposed on September 21, 2010. On November 9, 2010, the court signed an order granting the plaintiffs' motion for alternative service without a hearing. The order directed that copies of the order, the summons, and the complaint be left at Ms. Gallant's office and be mailed to her at that address.

On November 29, 2010, Ms. Gallant renewed her motion to dismiss for failure to serve process and failure to state a timely claim.[1] She noted in her

[1] The limitations period on the plaintiffs' claims against Ms. Gallant expired in June 2010, after they filed this complaint but before they served either defendant with process.

3

motion that even if the court had granted the plaintiffs' motion to extend the time for service until August 29, 2010 as they had requested, the plaintiffs had only attempted to serve her at her office. Their last attempt was made on August 17, 2010, and it was unsuccessful because it was made at a time when they should have known she would not be present. No additional motion was filed to enlarge the time period past August 29, 2010. Ms. Gallant describes the court's order of November 9, 2010, as premature and requests dismissal because the plaintiffs had failed to exercise due diligence and serve process through the methods described by Rule 4.

The relevant dates and actions may be summarized as follows:

| | |
|---|---|
| April 20, 2010 – | Plaintiffs file their complaint against Ms. Gallant and D. Gallant Management Associates. |
| June 29-30, 2010 – | Ms. Gallant testifies on the plaintiffs' behalf in Docket No. BCD-WB-CV-09-07. (Gallant Aff. ¶ 4.) |
| July 14, 2010 – | Deputy Sheriff Rinaldi serves process on D. Gallant Management Associates at its office located at 75 Pearl St., Portland, Maine. (Rinaldi Aff. ¶ 1.) |
| July 21, 2010 – | An attempt is made to serve process on Ms. Gallant at a personal residence at 25 Westminster Terrace, Cape Elizabeth, Maine. (Worksheet attached to Campbell Aff. as Ex. C.) |
| July 23, 2010 – | Deputy Sheriff Rinaldi attempts to serve process on Ms. Gallant at her office at 75 Pearl St., Portland, Maine. He leaves his card and an assistant tells him that she will have Ms. Gallant contact him by phone. (Rinaldi Aff. ¶ 3.) |
| July 26, 2010 – | Deputy Sheriff Rinaldi makes a second attempt to serve process on Ms. Gallant at her office. He told that she is working "on the road," but may be back on the 28th or 29th. (Rinaldi Aff. ¶ 4.) |
| July 29, 2010 – | Deputy Sheriff Rinaldi makes a third attempt to serve process on Ms. Gallant at her office. He is told that she is still away. (Rinaldi Aff. ¶ 6.) |

4

|  | Expiration of the 90-day period to file a timely return of service after filing a complaint per M.R. Civ. P. 3. |
|---|---|
| – | Plaintiffs file a motion to enlarge the time for personal service to August 29, 2010. This motion alleges that service was attempted at Ms. Gallant's residence, but does not include any supporting evidence. |
| – | Return of service on D. Gallant Management filed. |
| August 9, 2010 – | Deputy Sheriff Rinaldi attempts to serve process on Ms. Gallant at her Pearl St. office. (Aug. 18, 2010 Rinaldi Aff.) |
| August 13, 2010 – | Ms. Gallant files a motion to dismiss with an affidavit stating that she is not at her Pearl St. office between the hours of 6:00 a.m. and 6:00 p.m. (Gallant Aff. ¶ 3.) |
| August 16, 2010 – | Deputy Sheriff Rinaldi attempts to serve process on Ms. Gallant at her Pearl St. office at 3:00 p.m. (Aug. 18, 2010 Rinaldi Aff.) |
| August 17, 2010 – | Deputy Sheriff Rinaldi attempts to serve process on Ms. Gallant at her Pearl St. office at 9:30 a.m. (Aug. 18, 2010 Rinaldi Aff.) |
| August 29, 2010 – | Deadline for filing return of service requested by plaintiffs in their motion to enlarge. |
| September 13, 2010 – | Plaintiffs file a motion requesting that the court order alternative service on Ms. Gallant "by leaving a copy of the Summons and of the Complaint at the Defendants dwelling house or usual place of abode, to wit: 75 Pearl St. . . ." Attorney Campbell submits an affidavit with invoices from the sheriff's office attached. (Campbell Aff. ¶ 4, Ex. C.) Among these invoices is a worksheet indicating that an Officer Melaugh attempted to serve process on Ms. Gallant at 25 Westminster Terrace, Cape Elizabeth, Maine, on July 21, 2010. (Campbell Aff. Ex. C.) There is no other evidence that service was attempted at this address or that additional efforts were made to locate Ms. Gallant's current residence. |
| November 9, 2010 – | Plaintiff's motion for alternative service is granted. |

## DISCUSSION

Maine Rule of Civil Procedure 3 requires a plaintiff to file returns of

service within 90 days of filing a complaint. Failure to do so may result in

5

dismissal. M.R. Civ. P. 3 (2010). The time period may be enlarged for cause if a motion is filed before the period expires, or by a showing of excusable neglect after. M.R. Civ. P. 6(b) (2010). Rule 4 specifies that service may be accomplished "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." M.R. Civ. P. 4(d)(1) (2010). Maine law is clear that an individual's office or place of business is not a dwelling or abode. *Camden Auto Co. v. Mansfield*, 120 Me 187, 190, 113 A. 175, 176 (1921).

If the plaintiff can show "that service as prescribed above cannot be made with due diligence," on motion the court may order that substitute service be made pursuant to Rule 4(g). M.R. Civ. P. 4(d)(1) (2010). The motion must include a draft order indicating the requested means of service and be must supported by an affidavit showing that:

> (A) The moving party has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute;
>
> (B) The identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and
>
> (C) The requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit.

M.R. Civ. P. 4(g)(1) (2010).

The official comment to the rule explains that a plaintiff must "demonstrate that he or she has exhausted all reasonable attempts to make service" by the ordinary methods enumerated in Rule 4 before being allowed to pursue substitute service. M.R. Civ. P. 4 advisory committee's note to July 1, 2010

amend. The comment acknowledges that specific facts will govern what constitutes "due diligence" or reasonable efforts under the circumstances. *Id.* However, it also states that a plaintiff should show that it "checked all *publicly available* databases (including computer databases) such as tax records, voting rolls, criminal history records, credit records, telephone directories, divorce or death records, utility records, post office records, and motor vehicle registry records in the jurisdiction where the defendant is most likely to be found." *Id.* (emphasis in original). The plaintiff "should also satisfy the court that he or she has made reasonable efforts to locate the current address of the party to be served by checking private sources: known relatives, former employers, former educational institutions, and former neighbors." *Id.*

Ms. Gallant has filed a motion to dismiss the action against her for lack of timely service. While her motion is not styled as such, it is effectively a motion to reconsider the court's November 9, 2010 order for alternative service. The first issue that must be addressed is the timeliness of the defendants' two motions regarding service. First, the defendants moved to enlarge the initial period for service before the original period had run. This motion required a showing of cause, but the court never acted on it. The second motion, requesting substitute service, was filed 46 days after the original deadline for service, and 15 days after the requested extension. As the motion was untimely, the plaintiffs needed to show excusable neglect. M.R. Civ. P. 6(b) (2010).

The plaintiffs contend that they exercised due diligence in their attempt to serve Ms. Gallant, but that she willfully evaded service of process. Her evasion would excuse their delay in requesting substitute service. First, it is not clear how Ms. Gallant's alleged evasiveness prevented the plaintiffs from filing their

7

motion for substitute service before their requested extended deadline. Second, the record does not clearly show that Ms. Gallant was in fact evading process.

This is not an instance where Ms. Gallant knew the process server was at her door but churlishly refused to open it. *See T.D. Banknorth, N.A. v. Hawkins,* 2010 ME 104, ¶ 3, 5 A.3d 1042, 1045 (service was effective where deputy left papers on doorstep of defendant's residence after conversing with defendant inside). The record shows that the plaintiffs were face-to-face with Ms. Gallant after they filed their complaint, but did not serve her at that time. Later, the sheriff's office made one unsuccessful attempt to serve process on Ms. Gallant at a residence or abode. There is no evidence that the office made any effort to locate an alternative residential address. Instead, the deputy sheriff repeatedly tried to serve her at her office in the middle of day. Two of these attempts were made after Ms. Gallant filed an affidavit stating that she was rarely in her office during the hours service was attempted.

The plaintiffs have not cited to any rule or law that would require Ms. Gallant to tell the plaintiffs where she could be found or otherwise make herself available for convenient service. Absent such a rule, it is as hard to say that Ms. Gallant actively evaded service. Instead, the plaintiffs did not exercise due diligence in trying to effect service. They repeatedly tried to serve Ms. Gallant by a single method that proved futile on the first attempt. More importantly, their failure to locate Ms. Gallant does not explain their failure to file a timely motion.

Assuming that their motion for substitute service was timely, the plaintiffs did not show, and have not shown, that they were entitled to substitute service under Rule 4(g). As discussed above, the record does not show that the plaintiffs "demonstrated due diligence in attempting to obtain personal service of process

8

in a matter otherwise prescribed by Rule 4," or that Ms. Gallant's whereabouts could not "reasonably be ascertained . . . ." M.R. Civ. P. 4(4)(1)(A)–(B) (2010). There is no indication of what steps, if any, were taken to discover the location of Ms. Gallant's current residence. Likewise, there is no evidence that the plaintiffs or the sheriff's office attempted to learn where Ms. Gallant was working when she was "on the road." The motion and its supporting affidavit fall short of the showing contemplated by Rule 4.

The plaintiffs argue that even if their motion for substitute service was granted in error, the court should find that they effectively served Ms. Gallant on July 14, 2010. That was the date that process was served on D. Gallant Management Services, presumably giving Ms. Gallant actual notice of the suit against her in her personal capacity as well.

The Law Court has observed that service must be made according to "the plain legal requirement[s]" set forth in Rule 4 to ensure that it both gives adequate notice and satisfies the constitutional requirements for obtaining personal jurisdiction over the defendant. *Brown v. Thayler*, 2005 ME 75, ¶ 9, 880 A.2d 1113, 1116 (quoting *Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 148 (N.D. Ind. 1985)) (quotations omitted). However, the Court has also stated that "actual notice is the ultimate goal of any form of service [and] the discovery of a technical defect in service will not ordinarily negate the notice when actual notice is accomplished." *Phillips v. Johnson*, 2003 ME 127, ¶ 24, 834 A.2d 938, 945. As a result, "[w]hen actual notice is accomplished, a technical defect in service may be overlooked. . . . Otherwise, to accomplish service, a method specified by the rule must be properly utilized." *In re Richard E.*, 2009 ME 93, ¶ 21, 978 A.2d 217, 221.

The difficulty with the plaintiffs' argument is that defective service necessarily implies that some form of service was made. Service on Ms. Gallant would have been defective if, on July 14, 2010, Deputy Sheriff Rinaldi had left a copy of the summons issued for Ms. Gallant at her office. The record does not show that the deputy sheriff left any papers for Ms. Gallant. Instead, he kept returning during the day in an attempt to catch her in person. No summons was left for Ms. Gallant at her office in the requisite time period, and no service was accomplished. Lack of service is not a mere technical defect, and finding that mere notice of suit was sufficient would deprive Rule 4 of significance.

Finally, the plaintiffs argue that Ms. Gallant is estopped from raising insufficient service as a defense. *See T.D. Banknorth, N.A. v. Hawkins*, 2010 ME 104, ¶¶ 13, 16, 5 A.3d at 1046. As discussed above, the record does not indicate that Ms. Gallant was actively evading service, and this argument has no merit.

**The entry is:**

The plaintiffs' motion for substitute service was granted in error. The court strikes its Order Allowing Alternative Service of Summons and Complaint dated November 9, 2010, and substitutes it with this order denying the plaintiffs' motion for substitute service. The court grants defendant Deborah A. Gallant's motion to dismiss pursuant to Maine Rules of Civil Procedure 4 and 12(b) for failure to accomplish timely service.

DATE: April 29, 2011

Roland A. Cole
Justice, Superior Court

10

NORTHERN MATTRESS COMPANY INC ET AL VS D GALLANT MANAGEMENT ASSOCIATES ET AL
UTN:AOCSsr  -2010-0043591                    CASE #:PORSC-CV-2010-00204

---

01 0000003533          BENNETT, PETER
    121 MIDDLE ST SUITE 300 PO BOX 7799 PORTLAND ME 04112-7799

| | | | | |
|---|---|---|---|---|
| F | D GALLANT MANAGEMENT ASSOCIATES | DEF | RTND | 08/13/2010 |
| F | DEBORAH A GALLANT | DEF | RTND | 08/13/2010 |

02 0000002300          CAMPBELL, JOHN S
    75 MARKET STREET PO BOX 369 PORTLAND ME 04112-0369

| | | | | |
|---|---|---|---|---|
| F | NORTHERN MATTRESS COMPANY INC | PL | RTND | 04/30/2010 |
| F | PETER REDMAN | PL | RTND | 04/30/2010 |